John R. Habashy, Esq. (SBN. 236708)
*john@lexiconlaw.com*
Tiffany N. Buda, Esq. (SBN 232679)
*tiffany@lexiconlaw.com*
**LEXICON LAW, PC**
633 W. 5th Street, 28th Floor
Los Angeles, CA 90071
Telephone: (213) 223-5900
Facsimile:  (888) 373-2107

*[Additional Counsel listed on subsequent page]*

Attorneys for Plaintiffs Sidney Naiman, Deborah Schick, Patricia Runsvold, and the Putative Class

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIDNEY NAIMAN, DEBORAH SCHICK, and PATRICIA RUNSVOLD, individually and on behalf of all others similarly situated, <br><br><br> Plaintiffs, <br><br> v. <br><br><br> LOANDEPOT.COM, LLC, and DOES 1 through 10, inclusive, <br><br><br> Defendants. | **CASE NO.: 8:20-CV-00938** <br><br> <u>**CLASS ACTION**</u> <br><br> **COMPLAINT FOR VIOLATIONS OF:** <br><br><br> **THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. SECTION 227, ET SEQ. (TCPA)** <br><br><br> <u>**DEMAND FOR JURY TRIAL**</u> |

***Additional Counsel for Plaintiff and the Putative Class:***

Daniel A. Edelman, Esq. (ILL #00712094)
(*Pro Hac Vice* To Be Submitted)
*courtecl@edcombs.com*
Cathleen M. Combs, Esq. (ILL #00472840)
(*Pro Hac Vice* To Be Submitted)
*ccombs@edcombs.com*
Heather Kolbus, Esq. (ILL #6278239)
(*Pro Hac Vice* To Be Submitted)
*hkolbus@edcombs.com*
**EDELMAN, COMBS, LATTURNER & GOODWIN, LLC**
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
Telephone:  (312) 739-4200
Facsimile:  (312) 419-0379 (FAX)

Plaintiffs SIDNEY NAIMAN, DEBORAH SCHICK and PATRICIA RUNSVOLD (collectively referred to hereinafter as "Plaintiffs"), individually and on behalf all others similarly situated, allege as follows against Defendants LOANDEPOT.COM, LLC (referred to hereinafter as "LoanDepot.com" or "LoanDepot") and DOES 1 through 10, inclusive:

## I. JURISDICTION AND VENUE

1.      This Court has federal question subject matter pursuant to 28 U.S.C. §§ 1331 and 1337 (commerce) as this action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA"), a federal statute. (See *Mims v. Arrow Financial Services*, LLC, 132 S.Ct. 740, 751-53 (2012); *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446 (7th Cir. 2005)).

2.     This Court has personal jurisdiction over Defendant and venue is proper in this District pursuant to 18 U.S.C. § 1391(b) because Defendant LoanDepot.com resides within this District, conducts business within this District and has purposefully availed itself of the laws and markets of the state of California and this District.

## II. INTRODUCTION

3.     Plaintiffs SIDNEY NAIMAN, DEBORAH SCHICK and PATRICIA RUNSVOLD, individually and on behalf all others similarly situated, bring this action against Defendant LOANDEPOT.COM, LLC, to stop Defendants' practice of making phone calls to cellular telephones using an automated telephone dialing system and/or a prerecorded message or artificial voice, as well as calls to numbers on the National Do Not Call Registry in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA "), and to obtain redress for all persons injured by their conduct.

## III. THE PARTIES

4.     Plaintiff SIDNEY NAIMAN is an individual who, at all times mentioned herein, was and is over the age of 18, and who resides in Maricopa County, Arizona.

5.     Plaintiff DEBORAH SCHICK is an individual who, at all times mentioned herein, was and is over the age of 18, and who resides in Maricopa County, Arizona.

6.     Plaintiff Patricia Runsvold is an individual who, at all times mentioned herein, was and is over the age of 18, and who resides in Davidson County, Tennessee.

7.     Defendant LOANDEPOT.COM, LLC is a Delaware limited liability Company, with its principal place of business located at 26642 Towne Centre Drive, Foothill Ranch, California. 92610.

8.     The true names and capacities of DOES 1 through 10 are currently unknown to Plaintiffs who allege that DOES 1 through 10 are responsible in some manner for the injuries sustained by Plaintiffs as hereinafter alleged. Plaintiffs request leave to file amendments to this complaint alleging the true names and capacities of DOES 1 through 10 when the same have been ascertained.  Plaintiffs are informed and believe, and on that basis allege, that at all times herein mentioned each of the Defendants was an agent, servant, employee, and/or joint venture of each of the remaining Defendants, and was at all times acting within the course and scope of such agency, service, employment, and/or joint venture, and each Defendant has ratified, approved, and authorized the acts of each of the remaining Defendants with full knowledge of said facts.

9.     Defendants, and each of them, aided and abetted, encouraged, and rendered substantial assistance to the other Defendants in breaching their obligations to Plaintiffs, as alleged herein. In taking action, as alleged herein, to aid and abet and substantially assist the commissions of these wrongful acts and other

wrongdoings complained of, each of the Defendants acted with an awareness of its/his/her primary wrongdoing and realized that its/his/her conduct would substantially assist the accomplishment of the wrongful conduct, wrongful goals, and wrongdoing.

10.     There is a unity of interest between Defendants, and each acts as the alter ego of the other.

11.     The Defendants identified above shall hereinafter be collectively referred to as "Defendants."

## IV.  THE TELEPHONE CONSUMER PROTECTION ACT ("TCPA"), 47 U.S.C. SECTION 227

12.     Congress enacted the TCPA in 1991 in response to a growing number of consumer complaints regarding telemarketing robocalls.

13.     Congress enacted the TCPA to prevent real harm. Congress found That "automated or pre-recorded calls are a nuisance and an invasion of privacy, regardless of the type of call" and decided that "banning" such calls made without consent was "the only effective means of protecting telephone consumers from this nuisance and privacy invasion." Pub. L. No. 102-243 (Dec. 20, 1991); *see also Mims v. Arrow Fin. Servs., LLC*, 132 S Ct. 740, 744 (2012) ("The Act bans certain practices invasive of privacy").

14.     Consumer complaints about this conduct have only increased since then. "If robocalls were a disease, they would be an epidemic." Rage Against

Robocalls, Consumer Reports (July 28, 2015). "Robocalls" are the #1 consumer complaint in America today.

15. The Federal Trade Commission (FTC) and Federal Communications Commission (FCC) regularly cite "unwanted and illegal robocalls" as their number-one complaint category. The FTC received more than 1.9 million complaints filed in the first five months of 2017 and about 5.3 million in 2016. The FCC has stated that it gets more than 200,0 00 complaints about unwanted telemarketing calls each year. These complaints are on top of the complaints each state AG ' s office receives and also does not include the millions of unreported calls.

16. In an effort to curb these unwanted calls, the TCPA regulates, *inter alia*, the use of automated telephone equipment (a/k/a "autodialers" or "robodialers") to make calls to any cellular telephone number. Specifically, the plain language of section 227(b)(l )(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.

17. In 2012, the FCC prohibited "any telephone call that includes or introduced an advertisement or constitutes telemarketing, using an automatic telephone dialing system or an artificial or prerecorded voice, to any [cellular telephone number], other than a call made with the prior express written consent of the called party[.]" 47 C.F.R. § 64. l 200(a)(2). This prior express written consent requirement became effective on October 16, 2013.

# V. FACTUAL ALLEGATIONS

## A.   FACTS RELATED TO PLAINTIFFS NAIMAN AND SCHICK

18.   Plaintiff Sidney Naiman is the subscriber to cellular telephone number XXX-XXX-6443. Plaintiff Deborah Schick is an authorized user on her husband, Sidney Naiman 's account.  Mr. Naiman also pays the cell phone bills.

19.   The number is a residential number, used primarily for nonbusiness purposes.

20.   The number has been listed on the national "do not call" list since prior to January 1, 2018.

21.   LoanDepot.com LLC ("Loan Depot"), or an agent on their behalf, operates a call center, where automated equipment is used to place large numbers of telemarketing calls. The equipment has the present capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers.

22.   On July 3, 2019, Plaintiff Naiman received an automated call from 925-905-8472. Mr. Naiman answered the call. After a pause, a caller came on the line offering a loan. Plaintiff Naiman said he was not interested and terminated the call.

23.   On July 9, 2019, Plaintiff Naiman's cell phone received an automated

call from 925-905-8472. Plaintiff Schick answered the call on her husband's cell phone. After a pause, a caller came on the line named Jessie, who offered a home mortgage.

24.     Later on July 9, 2019, Plaintiff Naiman received a call on his cell phone from 510-319-8897. Plaintiff Schick answered the call on her husband's cell phone when it came in. Plaintiff Schick spoke with Sara who identified herself from LoanDepot calling about a mortgage or refinance. Plaintiff Schick also confirmed with Sara that this call was related to the automated call received earlier that day. After answering some questions, Plaintiff Schick was then transferred to Robert McGill, a licensed lending officer from LoanDepot.

25.     On July 12, 2019, Plaintiff Naiman received a call on his cell phone from 949-706-6246. Plaintiff Schick answered the call on Plaintiff Naiman's cell phone when it came in, and spoke with Ash who provided his email address of ashsaber@loandepot.com. Plaintiff Schick said they were not interested and later that day Plaintiff Schick sent an email to Ash requesting the calls to stop.

26.     On July 13, 2019, Plaintiff Naiman received a call on his cell phone from 949-595-7160. Plaintiff Schick answered the call on Plaintiff Naiman's cell phone when it came in, and spoke with Adam. Plaintiff Schick said they were not interested and terminated the call.

27.     Later on July 13, 2019, Plaintiff Naiman received a call on his cell

phone from 949-595-7114. One of the Plaintiffs answered the call on Plaintiff Naiman's cell phone when it came in, and spoke with George Martinez. One of the Plaintiffs said they were not interested and terminated the call.

28. Plaintiffs may have received other unsolicited, automated or prerecorded telemarketing calls placed by or on behalf of LoanDepot.

29. Plaintiffs Naiman and Schick have not consented to the receipt of any calls from Defendants.

30. Plaintiffs have not provided their cell phone numbers to Defendants.

31. By calling Plaintiffs Naiman and Schick, Defendants caused Plaintiffs and the putative class members actual harm, including the aggravation and nuisance that necessarily accompanies the receipt of unsolicited and harassing telephone calls, consumption of electricity in cost per-kilowatt required to recharge the cell phones, consumption of money or purchased blocks of calls, and wear and tear on telephone equipment. The calls took time to receive and Plaintiffs' statutory right of privacy was invaded.

**B. FACTS RELATED TO PLAINTIFF RUNSVOLD**

32. Plaintiff Patricia Runsvold is the subscriber to cellular telephone number XXX-XXX-5599. Ms. Runsvold also pays the cell phone bills for her cell phone usage.

33. The number is a residential number, used primarily for nonbusiness purposes.

34.    The number has been listed on the national "do not call" list since January 20, 2020.

35.    LoanDepot.com LLC, or an agent on their behalf, operates a call center, where automated equipment is used to place large numbers of telemarketing calls.  The equipment has the present capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers.

36.    On January 18, 2020, Plaintiff Runsvold received a call on her cell phone. The call went to voicemail and it was a pre-recorded message from 615-375-9522. The recorded message was from Savannah at LoanDepot and invited Plaintiff Runsvold to return the call at 866-965-9011.  The message stated as follows:

> "Hi! This is Savannah from Loan Depot with some great news regarding your recent mortgage refinance application. If you're no longer interested in mortgage information, please press pound to optout or call us at 866-965-9011. We are missing just a few pieces of critical information necessary in getting you fully approved, and it will only take a few minutes of your time. I will be here until 8 p.m. Pacific Time to assist you, so please call me back at 866-965-9011. Again, that number is 866-965-9011. I

know that we can provide you with the lowest rates available, and

I look forward to hearing from you soon. Have a great day!"

37.     On January 18, 2020, Plaintiff Runsvold received another call on her cell phone. This call also went to voicemail and it was a pre-recorded message from 615-375-9522. The recorded message was also from Savannah at LoanDepot and invited Plaintiff to return the call at 866-965-9011. The message stated as follows:

"Hi! This is Savannah calling again from Loan Depot, one of the

largest home loan lenders in the country, and I have some great

news regarding your application. If you're no longer interested in

mortgage information, please press pound to opt-out or call us at

866-965-9011. I will be here until 8 p.m. Pacific Time to answer

any questions you may have, so please call me back at 866-965-

9011. Again, that number is 866-965-9011. I look forward to

hearing from you soon. Have a great day!"

38.     On January 18, 2020, Plaintiff Runsvold received more than one call on her cell phone from 615-375-9522. Plaintiff Runsvold believed that this was the same number that had previously called her and she rejected all of the calls.

39.     On January 20, 2020, Plaintiff Runsvold received another call on her cell phone from 615-375-9522. Plaintiff answered the call when it came in and spoke with a person asking for Winifred. Plaintiff Runsvold told the caller that there was no one by the name of Winifred and terminated the call.

40.     At least two of the phone calls received by Plaintiff Runsvold on January 18, 2020 featured a pre-recorded and/or artificial voice and not a live caller.

41.     On April 8, 2020, Plaintiff Runsvold received a call on her cell phone from 615-205-3202.  Plaintiff Runsvold answered the call when it came in and spoke with Aaron who provided a call back number of 949-652-4145.

42.     Calls placed to 615-205-3202 are answered with a recorded message "Thank you for calling Loan Depot.  Please wait while we connect your call to an agent."

43.     On April 10, 2020, Plaintiff Runsvold received a call on her cell phone from 877-533-6619. She did not answer the call.

44.     On April 10, 2020, Plaintiff Runsvold received another call on her cell phone from 877-533-6619.  Plaintiff Runsvold answered the call when it came in and was connected with Justin who was calling to follow up on a prior call.

45.     Calls placed to 877-533-6619 are answered with a recorded message that the call may be recorded and is then connected to a live caller from LoanDepot.

46.     Discovery may reveal additional unsolicited, automated telemarketing calls or prerecorded and/or artificial voice calls to her cell phone placed by or on behalf of LoanDepot.

47.     The prerecorded and/or artificial voice messages Plaintiff Runsvold received were generic and not specifically addressed to her.

48.     Plaintiff Runsvold has not consented to the receipt of any calls from

**CLASS ACTION COMPLAINT**

Defendants.

49.     Plaintiff Runsvold has not provided her cell phone number to Defendants.

50.     By calling Plaintiff Runsvold, Defendants caused Plaintiff and the putative class members actual harm, including the aggravation and nuisance that necessarily accompanies the receipt of unsolicited and harassing telephone calls, consumption of electricity in cost per kilowatt required to recharge the cell phones, consumption of money or purchased blocks of calls, and wear and tear on telephone equipment. The calls took time to receive, took up space in Plaintiff's voicemail box and Plaintiff's statutory right of privacy was invaded.

51.     The FCC has also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used. In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, CG Docket No. 02-278, Report and Order, 18 FCC Red. 14014, 14115 (¶165) (2003).

## C.     FACTS COMMON TO ALL PLAINTIFFS

52.     Defendant LoanDepot is responsible for making or causing the making of unsolicited, automated telemarketing and pre-recorded and/or artificial voice calls. On information and belief, the purpose of the calls is to solicit persons to refinance or obtain a mortgage using Defendant's goods and services.

53.     Defendant LoanDepot as the entity whose produce or services were advertised, derived economic benefit from the phone calls.

54.     On information and belief, the unsolicited, automated telemarketing and pre-recorded and/or artificial voice calls were made as part of a mass broadcasting of automated, unsolicited phone calls.

55.     On information and belief, Defendants have made unsolicited, Automated telemarketing and pre-recorded and/or artificial voice calls to cellular phones of at least 40 other persons.

56.     There is no reasonable means for Plaintiffs' or other recipients of Defendants' unsolicited, automated telemarketing and pre-recorded and/or artificial voice calls to avoid receiving them.

57.     The TCPA was enacted to protect consumers from unsolicited phone calls exactly like those alleged in this case.

58.     The calls were made to consumers who never requested to receive them, never engaged in any interaction with Defendants and are made on a repeat basis without consent.

59.     Defendants either negligently or willfully violated the rights of Plaintiffs and other recipients in placing the calls or arranging for the calls to be made.

///

**CLASS ACTION COMPLAINT**

# VI.    CAUSE OF ACTION
## COUNT I
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT ("TCPA"), 47 U.S.C. § 227, *ET SEQ.*

60.    Plaintiffs incorporate by reference paragraphs 1-59 as if set forth herein in its entirety.

61.    The TCPA provides as follows at 47 US.C. § 227(b):

"§ 227. Restrictions on use of telephone equipment

... (b) Restrictions on use of automated telephone equipment

(1) Prohibitions. It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States-

(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice-

(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call; ...."

62. The TCPA, 47 U.S.C. § 227(b)(3) further provides:

"Private right of action. A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State-

(A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,

(B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or

(C) both such actions.

If the Court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under the subparagraph (B) of this paragraph."

63. A private right of action for "do not call" violations is conferred upon any person who has received "more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed" by the FCC. 47 U.S C. § 227(c)(5) provides:

"(5) Private right of action. A person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may, if otherwise permitted by the laws or rules of court of a State bring in an appropriate court of that State--

> (A) an action based on a violation of the regulations prescribed under this subsection to enjoin such violation,
>
> (B) an action to recover for actual monetary loss from such a violation, or to receive up to $ 500 in damages for each such violation, whichever is greater, or
>
> (C) both such actions.

It shall be an affirmative defense in any action brought under this paragraph that the defendant has established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under this subsection. If the court finds that the defendant willfully or knowingly violated the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to

**CLASS ACTION COMPLAINT**

an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph."

64.     Defendants and/or their agents utilized equipment that made the unsolicited telemarketing calls to Plaintiffs and other members of the putative class who were on the Do Not Call Registry.

65.     Defendants and/or their agents violated the TCPA by using equipment that placed automated calls to Plaintiff and other members of the putative class' cell phones.

66.     Defendants made unsolicited automated telemarketing calls to cellular telephone numbers belonging to Plaintiffs and other members of the class without their prior express consent.

67.     By making unsolicited calls to Plaintiffs and the class members, using an automated dialing system and without prior express consent, Defendants violated 47 U.S.C. §227(b)(l)(A)(iii).

68.     Plaintiffs and the class members are entitled to statutory damages.

69.     Plaintiffs and the putative class members suffered actual damages in the form of monies paid to receive the unsolicited robocalls and their statutory right of privacy was invaded.

70.     Defendants violated the TCPA even if their actions were only negligent.

71.     Defendants should be enjoined from committing similar violations

in the future.

## VII. CLASS ACTION ALLEGATIONS

72. **Class Definitions:** Pursuant to Fed. R. Civ. P. 23(a) and (b)(3), Plaintiffs Naiman, Schick and Runsvold bring this action on behalf of the following nationwide classes of similarly situated individuals ("the Classes"), defined as follows:

> a. "The Do Not Call List class" is defined as follows: (a) all persons (b) who had his, her or its telephone number(s) registered with the National Do Not Call Registry, (c) to which Defendant placed or caused to be placed more than one telephone call, (d) promoting Defendant LoanDepot's goods or services, (e) within any 12-month period, and (f) who never provided prior express consent to receive such calls.

> b. "The Robocall class" is defined as follows: (a) all persons who, on or after a date four years prior to the filing of this action (28 U.S.C. § 1658), (b) received a telephone call made by or on behalf of Defendant LoanDepot, (c) placed using an automated dialer or featuring an artificial voice or pre-recorded message.

73. Plaintiffs reserve the right to modify the class definition as the contours and parameters of the class become apparent through discovery in this matter.

74. Excluded from the Classes are: (1) Defendants, Defendants' agents,

subsidiaries, parents, successors, predecessors, and any entity in which Defendants or its parents have a controlling interest, and those entities' current and former employees, officers, and directors; (2) the Judge to whom this case is assigned and the Judge's immediate family; (3) any person who executes and files a timely request for exclusion from the Class; (4) any persons who have had their claims in this matter finally adjudicated and/or otherwise released; and (5) the legal representatives, successors and assigns of any such excluded person.

75. **Direct Harm:** Plaintiffs and the members of each class were harmed by Defendants' acts in at least the following ways: Defendants, either directly or through its agents, illegally contacted Plaintiffs and the Class Members via their cellular telephones by using an "autodialer" or "robodialer" or pre-recorded message or artificial voice or via their telephone which number was on the Do Not Call Registry, thereby causing Plaintiffs and the members of each class to incur certain telephone charges or reduce cellular telephone time for which Plaintiffs and the Class members previously paid; and Plaintiffs and Class members' privacy were invaded.

76. **Numerosity:** The exact number of class members is unknown and not available to Plaintiffs at this time, but it is clear that individual joinder is impracticable. Plaintiffs allege on information and belief, that there are more than 40 members of each class. Class members can be identified through Defendants' and/or their agents' records, or by other means.

77. **Typicality:** Plaintiffs ' claims are typical of the claims of other members of the classes, in that Plaintiffs and the class members sustained damages arising out of Defendants ' uniform wrongful conduct, including the making of unsolicited telephone calls.

78. **Adequacy of Representation**: Plaintiffs will fairly and adequately represent and protect the interests of the classes, and have retained counsel competent and experienced in complex class actions. Plaintiffs have no interest antagonistic to those of the class members, and Defendants have no defenses unique to Plaintiffs. The questions of law and fact common to the proposed Class predominate over any questions affecting only individual members of the Class.

79. **Commonality and Predominance**: There are questions of law and fact common to the claims of Plaintiffs and the class members, and those questions predominate over any questions that may affect individual members of the class. These include:

    a. Whether the equipment Defendants used to place the calls in question was an automatic telephone dialing system as defined by the TCPA;

    b. Whether Defendants systematically made automated calls to persons without prior express consent to receive such telephone calls;

    c. Whether Defendants utilized an artificial or pre-recorded voice in

making the telephone calls;

    d. Whether Defendants systematically made telemarketing telephone calls to persons whose telephone numbers were listed on the National Do Not Call Registry;

    e. Whether Defendants violated the TCP A;

    f. Whether class members are entitled to damages, including treble damages based on the willfulness of Defendants' conduct.

80. **Superiority**: Class proceedings are also superior to all other available methods for the fair and efficient adjudication of this controversy because joinder of all parties is impracticable. The damages suffered by the individual members of the class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendants' actions. Thus, it would be virtually impossible for the individual member s of the class to obtain effective relief from Defendants' misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered and uniformity of decisions ensured.

81. **Uniform Relief Necessary:** This class action is appropriate for class

certification because Defendants have acted or refused to act on grounds generally applicable to the Class(es) as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class and making an award of damages

82. Management of this class action is likely to present significantly fewer difficulties than those presented in many class actions, e.g., for securities fraud.

## VIII. PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs respectfully request that the Court enter judgment in favor of Plaintiffs as follows:

a. An order certifying this matter as a class action with Plaintiffs as Class Representatives, and designating Edelman, Combs, Latturner & Goodwin, LLC and Lexicon Law, PC as Class Counsel;

b. An award of statutory damages for each and every violation;

c. Actual damages;

d. An injunction restraining the conduct complained of;

e. Costs of suit; and

f. For such other and further relief as the Court deems necessary, just, and proper.

# IX. DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs, individually and on behalf of all others similarly situated, respectfully request a trial by jury as to each and every claim for which they are so entitled.

Dated: May 20, 2020

By: /s/ Tiffany Buda_____
John R. Habashy, State Bar No. 236708
*john@lexiconlaw.com*
Tiffany N. Buda, State Bar No. 232679
*tiffany@lexiconlaw.com*
**LEXICON LAW PC**
633 W. 5th Street, 28th Floor
Los Angeles, CA 90071
Telephone:   (213) 223-5900
Facsimile:   (888) 373-2107

Daniel A. Edelman, Esq. (ILL #00712094)
(*Pro Hac Vice* To Be Submitted)
*courtecl@edcombs.com*
Cathleen M. Combs, Esq. (ILL #00472840)
(*Pro Hac Vice* To Be Submitted)
*ccombs@edcombs.com*
Heather Kolbus, Esq. (ILL #6278239)
(*Pro Hac Vice* To Be Submitted)
*hkolbus@edcombs.com*
**EDELMAN, COMBS, LATTURNER &
GOODWIN, LLC**
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
Telephone:  (312) 739-4200
Facsimile:   (312) 419-0379 (FAX)

**Attorneys for Plaintiffs,
and the Putative Class**

## <u>NOTICE OF ASSIGNMENT</u>

Please be advised that all rights relating to attorney's fees have been assigned to counsel.


Date:  May 20, 2020

By: /s/ Tiffany Buda
John R. Habashy, State Bar No. 236708
*john@lexiconlaw.com*
Tiffany N. Buda, State Bar No. 232679
*tiffany@lexiconlaw.com*
**LEXICON LAW PC**
633 W. 5th Street, 28th Floor
Los Angeles, CA 90071
Telephone:   (213) 223-5900
Facsimile:   (888) 373-2107

Daniel A. Edelman, Esq. (ILL #00712094)
(*Pro Hac Vice* To Be Submitted)
*courtecl@edcombs.com*
Cathleen M. Combs, Esq. (ILL #00472840)
(*Pro Hac Vice* To Be Submitted)
*ccombs@edcombs.com*
Heather Kolbus, Esq. (ILL #6278239)
(*Pro Hac Vice* To Be Submitted)
*hkolbus@edcombs.com*
**EDELMAN, COMBS, LATTURNER &
GOODWIN, LLC**
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
Telephone:  (312) 739-4200
Facsimile:   (312) 419-0379 (FAX)

**Attorneys for Plaintiffs
and the Putative Class**

## DOCUMENT PRESERVATION DEMAND

Plaintiffs hereby demand that Defendants take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiffs, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with Plaintiffs. These materials are likely very relevant to the litigation of this claim. If Defendants are aware of any third party that has possession, custody, or control of any such materials, Plaintiffs demand that Defendants request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the Defendants.

Date: May 20, 2020

By: /s/ Tiffany Buda
John R. Habashy, State Bar No. 236708
*john@lexiconlaw.com*
Tiffany N. Buda, State Bar No. 232679
*tiffany@lexiconlaw.com*
**LEXICON LAW PC**
633 W. 5th Street, 28th Floor
Los Angeles, CA 90071
Telephone: (213) 223-5900
Facsimile: (888) 373-2107

Daniel A. Edelman, Esq. (ILL #00712094)
(*Pro Hac Vice* To Be Submitted)
*courtecl@edcombs.com*
Cathleen M. Combs, Esq. (ILL #00472840)
(*Pro Hac Vice* To Be Submitted)
*ccombs@edcombs.com*
Heather Kolbus, Esq. (ILL #6278239)
(*Pro Hac Vice* To Be Submitted)
*hkolbus@edcombs.com*
**EDELMAN, COMBS, LATTURNER & GOODWIN, LLC**
20 South Clark Street, Suite 1500

Chicago, IL 60603-1824
Telephone: (312) 739-4200
Facsimile: (312) 419-0379 (FAX)

**Attorneys for Plaintiffs
and the Putative Class**